## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KETANKUMAR PATEL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Case No. 22-1931 (RJL)** |
| | ) | |
| **UNITED STATES CITIZENSHIP &** | ) | |
| **IMMIGRATION SERVICES**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

(September 8, 2023) [Dkt. #6]

Plaintiff Ketankumar Patel ("Patel" or "plaintiff") brings this suit against United States Citizenship and Immigration Services ("USCIS") and three federal officials (collectively, "defendants") alleging an unreasonable delay in the adjudication of his Form I-526, Immigrant Petition by Alien Entrepreneur. Patel asserts that such delay entitles him to relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. Defendants have moved to dismiss. For the following reasons, the defendants' Motion to Dismiss will be GRANTED.

## I.    Background

### a.  Factual Background

On November 13, 2019, Patel, an Indian citizen, filed a Form I-526 petition seeking to obtain an EB-5 visa. Compl. ¶ 7 [Dkt. # 1]. The EB-5 program was created by Congress in 1990 to make visas available for qualified immigrants who invest capital in enterprises which benefit the U.S. economy and create ten or more full-time American

jobs.  *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(b)(5), 104 Stat. 4978,

4989 (codified as amended at 8 U.S.C. § 1153(b)(5)).  Originally, to qualify for this

program, applicants needed an investment of $1,000,000 or more; however, applicants

could also qualify through an investment of $500,000 in a targeted employment area.[1]

*See* § 121(b)(5)(C), 104 Stat. at 4990.  Additionally, in 1992, Congress established a pilot

program that allowed applicants to pool investments in "regional center[s]" to create

qualifying jobs (the "Regional Center Program").  *See* Departments of Commerce,

Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L.

No. 102-395, § 610(a), 106 Stat. 1828, 1874 (1992).  As a preliminary step to becoming a

lawful permanent resident via the EB-5 program, alien investors submit self-petitions to

USCIS for classification as an EB-5 immigrant using a Form I-526 petition in which the

alien investor establishes that he or she is fully qualified for the benefit sought.  *See* 8

C.F.R. § 204.6; *see also* 8 U.S.C. § 1361.  Pursuant to these provisions, before submitting

his Form I-526 petition on November 13, 2019, Patel invested $500,000 in the EB-5

project ARCFE Group 9, LLC, which invested in the development and construction of

two rental buildings located at 42-83 Hunter Street, Long Island City, New York 11101

and 42-10 27th Street, Long Island City, New York 11101.  Compl. ¶¶ 22–23.

　　The Regional Center Program was initially a temporary program set to expire after

five years.  *See* § 610(b), 106 Stat. at 1874.  However, Congress subsequently extended

authorization for the Regional Center Program on numerous occasions.  *See* DHS EB-5

---

[1] The required investment amounts have since increased, *see* 8 U.S.C. § 1153(b)(5)(C), but the original capital requirements were still in place at the time that Patel filed his Form I-526 petition, *see* Compl. ¶ 15.

Immigrant Investor Regional Center Program, 82 Fed. Reg. 3211, 3212 (Jan. 11, 2017).
On June 30, 2021, the latest iteration of authorization extension lapsed. *See* USCIS
Policy Manual, Chapter 1 – Purpose and Background, https://www.uscis.gov/policy-
manual/volume-6-part-g-chapter-1 [https://perma.cc/H2PG-H9W5].  On March 15, 2022,
President Biden signed into law the Consolidated Appropriations Act of 2022, which
included the EB-5 Reform and Integrity Act of 2022 and provided authority for a
reformed Regional Center Program through September 30, 2027. *See id.*  USCIS
suspended adjudication of pending Regional Center-affiliated Form I-526 petitions and
most Regional Center applications while the authorization for the Program had lapsed
between June 2021 and March 2022. *See id.*  After March 15, 2022, USCIS resumed
processing Regional Center-affiliated Form I-526 petitions.

     *b.  Procedural Background*

     Patel brought this suit on July 4, 2022, claiming that the period from November
13, 2019, when Patel filed his Form I-526 petition, and July 4, 2022, when this suit was
filed, is an "unreasonable and unexplained delay" entitled to a remedy from this Court.
Compl. ¶¶ 1, 67.  Patel seeks a declaration that defendants have failed to adjudicate his
Form I-526 petition in a timely manner in violation of relevant regulations.  Compl. ¶ 76.
Patel additionally seeks an order compelling adjudication of his Form I-526 petition
"without further unreasonable delay."  Compl. ¶ 66.  Defendants moved to dismiss.
Defs.' Mot. to Dismiss ("MTD") [Dkt. #6].  Patel filed a response in opposition to the
motion to dismiss.  Pl.'s Resp. in Opp'n. to Defs.' MTD. ("Pl.'s Resp.") [Dkt. #7].

Defendants filed a reply to the response in further support of their motion to dismiss. Defs.' Reply in Support of Mot. to Dismiss. ("Defs.' Reply") [Dkt. #8].

## II.   Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the allegations contained in the complaint allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Although the standard does not amount to a "probability requirement," it does require "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim.  *Id*.  When resolving a Rule 12(b)(6) motion, the Court "assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. U.S. Dep't of Health & Hum. Servs*., 760 F.3d 1, 4 (D.C. Cir. 2014).

### III.   Analysis

Plaintiff claims that the length of time taken by the defendants to adjudicate his

Form I-526 petition is an unreasonable delay entitling him to relief under the APA and

the Mandamus Act.[2]  Compl. ¶¶ 56–76.

To evaluate the reasonableness of a delay in agency action, courts in this Circuit

apply the six factors laid out in *Telecommunications Research & Action Center v. FCC*

(*TRAC*), 750 F.2d 70 (D.C. Cir. 1984):

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
> (2) where Congress has provided a timetable or other indication of the speed with
> which it expects the agency to proceed in the enabling statute, that statutory scheme
> may supply content for this rule of reason; (3) delays that might be reasonable in the
> sphere of economic regulation are less tolerable when human health and welfare are at
> stake; (4) the court should consider the effect of expediting delayed action on agency
> activities of a higher or competing priority; (5) the court should also take into account
> the nature and extent of the interests prejudiced by delay; and (6) the court need
> not find any impropriety lurking behind agency lassitude in order to hold that agency
> action is "unreasonably delayed."

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999)

(quoting *TRAC*, 750 F.2d at 80) (citations and quotation marks omitted).

As a threshold matter, plaintiff argues that it is inappropriate to apply the *TRAC*

factors at the motion-to-dismiss stage given the fact-intensive nature of unreasonable

delay claims. *See* Pl.'s Resp. at 2–4.  Contrary to plaintiff's assertion, courts in this

District have regularly held that it is appropriate to evaluate the *TRAC* factors when

determining if a plaintiff's complaint has stated sufficient facts to plead a plausible claim

---

[2] Although plaintiff has brought claims under both the APA and the Mandamus Act, the standard
for undue delay under both statutes is identical. *See Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142
(D.D.C. 2020).  The Court will therefore address both claims together.

of unreasonable delay in the immigration context. *See Mokkapati v. Mayorkas*, No. 21-cv-1195, 2022 WL 2817840, at \*4 n.4 (D.D.C. July 19, 2022) (collecting cases and observing that "the majority view in this District is that application of the *TRAC* factors is appropriate at the motion-to-dismiss stage when the facts alleged do not support a plausible claim of unreasonable delay"). In this case, the Court similarly finds that the case's record contains "sufficient discernible and undisputed facts" at this stage to evaluate the *TRAC* factors for the purpose of adjudicating defendants' motion to dismiss. *See id.*; *see also Da Costa v. Immigr. Inv. Program Off.*, No. 22-cv-1576, 2022 WL 17173186, at \*8 (D.D.C. Nov. 16, 2022) (finding, in the context of evaluating a claim for unreasonable delay in adjudicating a Form I-526 petition, that "there is no categorical prohibition on deciding unreasonable-delay claims at the motion-to-dismiss stage . . . if a record contains enough facts to evaluate the *TRAC* factors"). The facts alleged in the Complaint, coupled with facts of which the Court may take judicial notice, permit it to adequately evaluate the *TRAC* factors without discovery. *See Desai v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-1005, 2021 WL 1110737, at \*1 n.2 (D.D.C. Mar. 22, 2021) (explaining that the Court may take judicial notice of publicly available materials about the EB-5 investor program in ruling on a Rule 12(b)(6) motion to dismiss).

As discussed further below, the Court finds that the *TRAC* factors favor defendants and therefore dismissal.

### i. *TRAC Factor One Favors Defendants*

The first *TRAC* factor—that the timeline for agency decision-making be governed by a "rule of reason"—favors defendants. USCIS manages Form I-526 petitions through

a "visa availability" method which prioritizes investor petitions from countries where visas are currently available or soon to be available. *See* USCIS, Questions and Answers: EB-5 Immigrant Investor Program Visa Availability Approach (last updated August 28, 2023), https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/questions-and-answers-eb-5-immigrant-investor-program-visa-availability-approach [https://perma.cc/PV9Q-CBD4] ("USCIS EB-5 Q&A"). When a visa is available or will be available soon, the workflow is then generally managed in a first-in, first-out order. *Id.* USCIS also considers whether the underlying Regional Center project has been reviewed in determining priority. *Id.* Other courts in this District have consistently found that this system of management is governed by a rule of reason and "identifiable rationale" in that it ensures that candidates for whom a visa is available have their applications processed in a timely manner and also allows qualified EB-5 petitioners from traditionally underrepresented countries to have their petitions approved in a more timely fashion. *See Da Costa*, 2022 WL 17173186, at *8; *see also Thakker v. Renaud*, No. 20-cv-1133, 2021 WL 1092269, at *6 (D.D.C. Mar. 22, 2021); *Nohria v. Renaud*, No. 20-cv-2085, 2021 WL 950511, at *6 n.5 (D.D.C. Mar. 14, 2021). Patel argues that this system is only theoretical but "in practice, there's no rhyme or reason to [USCIS's] approach." Pl.'s Resp. at 5. However, the only factual allegation that Patel makes to support this argument is that he is from a country for which visas are currently available and yet he has still faced a considerable delay in having his Form I-526 petition adjudicated. *Id*. This argument does not "account for the possibility that many others in his situation . . .

filed their petitions before he did," *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 51 (D.D.C.

2021), and therefore it "do[es] nothing to call into doubt the reasonableness of USCIS's

first-in, first-out approach," *see Punt v. U.S. Citizenship & Immigr. Servs.*, No. CV 22-cv-

1218, 2023 WL 157320, at *3 (D.D.C. Jan. 11, 2023).

Nor is the length of time it has taken for USCIS to process Patel's Form I-526

petition *per se* unreasonable. As of the time of this Memorandum Opinion, Patel's

petition has been pending for approximately 46 months, or just under four years. *See*

Compl. ¶¶ 24–25. However, when excluding the time during which statutory

authorization for the Regional Center Program had lapsed from July 1, 2021, to March

15, 2022, Patel's Form I-526 petition has been pending for just over three years.[3]  In the

absence of congressional guidance on what constitutes an unreasonable length of time

(discussed in further detail below), "courts typically turn to case law as a guide." *Sarlak

v. Pompeo*, No. 20-cv-35, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) (citing *Skalka

v. Kelly*, 246 F. Supp. 3d 147, 154 (D.D.C. 2017)).  District courts have often held that

immigration delays of between three to five years are not unreasonable; it is delays in

excess of five, six, or seven years which generally are unreasonable. *See Meyou v. U.S.*

---

[3] The period of lapsed authorization should be excluded when measuring the length of time that Patel's petition has been pending, as other courts in this District have recognized that it was appropriate for USCIS to suspend processing during the period when authorization lapsed and consequently have excluded that period from measurements of delay. *See, e.g., Olofin v. U.S. Citizenship & Immigr. Servs.*, No. 22-cv-01684, 2023 WL 1860962, at *4 (D.D.C. Feb. 9, 2023). However, even if the approximately nine months during which authorization lapsed are counted, the delay of approximately 46 months still falls in the range of what courts in this District have found is reasonable for processing immigrant visa applications. *See, e.g., Telles v. Mayorkas*, No. 21-cv-395, 2022 WL 2713349, at *4 (finding that a delay of 42 months was not unreasonable); *Zaman v. U.S. Dep't of Homeland Sec.*, No. 19-cv-3592, 2021 WL 5356284, at *6 (D.D.C. Nov. 16, 2021) (same).

8

*Dep't of State*, No. 21-cv-2806, 2022 WL 1556344, at *3 (D.D.C. May 17, 2022); *see also Sarlak*, 2020 WL 3082018, at *6.

   *ii. TRAC Factor Two Favors Defendants*

  Because Congress has not imposed a statutory timetable for adjudicating Form I-526 petitions, the second *TRAC* factor also favors defendants.  Patel points to language in 8 U.S.C. § 1571(b) and the EB-5 Reform and Integrity Act of 2022 to argue that there is such a statutory timetable.  *See* Compl. ¶ 60; Pl.'s Resp. at 6–7.  First, 8 U.S.C. § 1571(b) states, "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing . . . ."  However, Patel rightly concedes that this 180-day benchmark is a congressional preference, *see* Compl. ¶ 72, and "not mandatory," *see* Pl.'s Resp. 7.  Indeed, several courts have recognized that such "sense of Congress" language is non-binding.  *See Palakuru*, 521 F. Supp. 3d at 51 (interpreting the § 1571(b) language as "precatory rather than binding" and collecting cases); *see also Emergency Coal. to Defend Educ. Travel v. Dep't of Treasury*, 498 F. Supp 2d 150, 165 (D.D.C. 2007).  And second, while the EB-5 Reform and Integrity Act of 2022 provides for a resetting of application fees to help facilitate the "goal" of processing applications within 180 days, it still treats the 180-day processing time as a benchmark, not a statutory requirement.  *See* Pub. L. No. 117-103, 136 Stat. 49, 1103–04, § 106(a)-(b) (Mar. 15, 2022).  As this Court and others in this District have found, "Congress has given agencies wide discretion in the area of immigration processing."  *Skalka*, 246 F. Supp. 3d at 153–54; *see also Olofin*, 2023 WL

1860962, at *4 (holding that Congress has not mandated a binding timeline for processing Form I-526 petitions); *Palakuru*, 521 F. Supp. 3d at 51–52 (same).

### iii.   TRAC Factor Four Favors Defendants

Factor four—which calls for a consideration of the effect of expediting delayed action on agency activities of a higher or competing priority—also favors defendants, as granting plaintiff's requested relief would reorder agency priorities by undermining USCIS's chosen allocation of its own resources for no net gain.  Generally, courts in our Circuit will not mandate that an agency prioritize a task if such an intervention would simply move the plaintiff to the front of the line and "all others back one space."  *See In re Barr Lab'ys, Inc.*, 930 F.2d 72, 75–76 (D.C. Cir. 1991).  Patel asserts that moving his petition to the front would not reorient the agency's priorities as it would be in line with USCIS's "visa availability" approach for petition processing.  Pl.'s Resp. at 7–8.  However, this claim ignores the fact that expediting plaintiff's petition would certainly prioritize agency attention to his petition over other similarly situated non-expedited petitions.  *See Thakker*, 2021 WL 1092269, at *7.  While India, plaintiff's country of birth, may have visas available, this is not unique to India, and numerous applications are pending for countries with available visas.  Among those applications for which a visa is available, USCIS still manages the petition workflow via a first-in, first-out system.  *See* USCIS EB-5 Q&A.  Thus, considering the ongoing USCIS backlog, granting plaintiff's requested relief would unfairly shift agency resources to jump his petition forward ahead of similarly situated applicants in the backlog.  *See Olofin*, 2023 WL 1860962, at *4.  Courts in this District have repeatedly held that judicial relief should not "serve as a

vehicle for plaintiffs to jump the line." *Mokkapati*, 2022 WL 2817840, at *7 (citation and quotation marks omitted); *see also Desai*, 2021 WL 1110737, at *7; *Punt*, 2023 WL 157320, at *4.

### iv.   *TRAC Factors Three and Five Also Favor Defendants*

Factor three, whether human health and welfare are at stake, and factor five, the nature of the interests prejudiced by the delay, often overlap. *See, e.g., Didban v. Pompeo*, 435 F. Supp. 3d 168, 177 (D.D.C. 2020); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 118 (D.D.C. 2005).  I will therefore analyze both factors together.

Patel does not make a plausible claim that the delay impinges on his health and welfare.  Patel alleges that these factors are implicated because the delayed adjudication has called into question "whether he has a future in the U.S." and prevented him from obtaining permanent residency and employment in the United States.  Pl.'s Resp. at 7, 9. Inability to obtain employment in the United States is principally an economic interest and so would not implicate *TRAC* factors three and five. *See Desai*, 2021 WL 1110737, at *7.  Furthermore, an uncertain future and an inability to obtain permanent resident status or employment in the United States are challenges inherent to the application process. *See Da Costa*, 2022 WL 17173186, at *10.  While Patel understandably has a meaningful interest in prompt adjudication, these asserted hardships, even taken as true, are primarily personal difficulties which do not implicate the kinds of serious health and welfare interests to which the third and fifth *TRAC* factors are primarily addressed. *See Punt*, 2023 WL 157320, at *5 (collecting and comparing cases).

11

v.  *TRAC Factor Six Is Not Meaningful*

Patel fails to plausibly plead any claims of impropriety.  He makes a conclusory allegation that USCIS has "intentionally" increased processing times for EB-5 petitions, *see* Compl. ¶ 32, but he fails to provide any factual support for such an allegation. Indeed, he asserts that his inability to provide an explanation for the increasing processing times for Form I-526 petitions is sufficient evidence in and of itself of impropriety on the part of USCIS.  Pl.'s Resp. at 9–10.  Plaintiff's accusations of impropriety lack the factual support that might make them more plausible than many alternate, harmless explanations.  *See Twombly*, 550 U.S. at 557 (discussing a claim's need of factual enhancement to move from possible to plausible).  Other courts in this District have previously noted that such unsupported allegations of impropriety on the part of USCIS "lack factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Thakker*, 2021 WL 1092269, at *8 (citation and quotation marks omitted); *see also Palakuru*, 521 F. Supp. 3d at 53.

Courts in this District have diverged over whether the lack of any plausibly alleged impropriety weighs in favor of the defendants or is irrelevant to the *TRAC* analysis.  *See Whitlock v. U.S. Dep't of Homeland Sec'y*, No. 21-cv-807, 2022 WL 424983, at *8 (collecting cases).  However, given the weight of the other factors, factor six need not impact the Court's analysis.  *See Mokkapati*, 2022 WL 2817840, at *5 (referring to *TRAC* factor one as the "most important"); *Da Costa*, 2022 WL 17173186, at *10 (asserting that *TRAC* factor four often "carries the greatest weight").

## IV.    Conclusion

For the foregoing reasons, the defendants' Motion to Dismiss will be GRANTED.

An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge